IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES BLACKMORE and KATHRYN BLACKMORE,<br><br>            Plaintiffs,<br><br>   v.<br><br>WORLD SAVINGS BANK, FSB, WELLS FARGO, N.A., eTITLE INSURANCE AGENCY and Does 1 through 50,<br><br>            Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00690-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

### I.      INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Dkt. 5.) On May 12, 2014, pro se Plaintiffs James and Kathryn Blackmore ("Plaintiffs") filed their original complaint against Defendants in state court, Utah's Fifth Judicial District. (Dkt. 9, Attachment 1.) On August 19, 2014, pro se Plaintiffs filed their First Amended Complaint against Defendants in the same state court. (Dkt. 2, Ex. A; Dkt. 9, Attachment 3 [hereinafter Complaint].) Defendants removed the case to federal court on September 23, 2014. (*Id.*) The Complaint alleges Defendants have taken actions related to a trust deed secured by Plaintiffs' home that voided the trust deed. (*Id.*) Plaintiffs also allege that Defendants violated various state and federal statutes, and that Defendant eTitle did not have authority to send a notice of default related to the trust deed at issue. (*Id.*)

The Court now considers: (1) Plaintiffs' motion to remand (Dkt. 10.); (2) Defendants Wells Fargo and Bank of New York Mellon's ("Wells Fargo")[1] motion to dismiss (Dkt. 11.); and (3) Defendant eTitle Insurance Agency's ("eTitle") motion to dismiss (Dkt. 8.).

## II.     PLAINTIFFS' MOTION TO REMAND TO STATE COURT

Plaintiffs filed a motion asserting that this case should be remanded to state court because Plaintiffs "amended their State cause of action to exclude any claims of federal question." (Dkt. 10.) Wells Fargo opposed that motion, arguing that post-removal amendments to delete federal claims are not effective to force remand. (Dkt. 13.)

Contrary to their assertion, Plaintiffs have not amended (nor sought leave to amend) their complaint to remove their federal claims. For example, the Complaint still alleges violations of 15 U.S.C. § 1641 and 18 U.S.C. § 1021. (*E.g.* Compl. ¶¶ 39, 59, 63.) Moreover, Plaintiffs continue to pursue their federal claims in their opposition to Wells Fargo's motion to dismiss. (*See* Dkt. 14.) Thus, Plaintiffs' assert no proper basis for remand.

Moreover, as Wells Fargo correctly indicates, the right to remove a case is "determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Plaintiffs may not force a remand by simply deleting their federal claims after removal. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Thus, Plaintiffs' motion to remand fails because Plaintiffs continue to actively pursue the federal claims forming the basis for removal and because an amendment would not defeat jurisdiction.[2]

---

[1] Defendants Wells Fargo and Bank of New York Mellon filed a joint motion to dismiss. For purposes of this motion the two entity's interest are sufficiently aligned that they may be treated together. For ease of reference the Court will refer to both parties as "Wells Fargo."

[2] In Part III, the Court recommends dismissing Plaintiffs' federal claims. The Court further recommends that the District Court exercise its discretion to retain jurisdiction over Plaintiffs' state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).

Based on the foregoing, the Court **RECOMMENDS DENYING** Plaintiffs' "Motion to Remand to State Court." (Dkt. 10.)

### III. MOTIONS TO DISMISS

#### a. Standard of Review

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.*

#### b. Wells Fargo's motion to dismiss

Wells Fargo moved to dismiss the Complaint for failure to state a claim. (Dkt. 11.) Wells Fargo argues that Plaintiffs may not seek a declaratory judgment to challenge a foreclosure sale because such relief cannot be used to correct past wrongs. Wells Fargo urges that securitization of a trust deed does not render the instrument void. Finally, Wells Fargo argues that the statutes cited by Plaintiffs do not impose the obligations alleged.

Plaintiffs oppose the motion by arguing that the Defendants' arguments regarding declaratory relief are unduly formalistic and that the complaint must be interpreted liberally because Plaintiffs proceed pro se. (Dkt. 14.) Plaintiffs also argue that the securitization of the trust deed at issue resulted in a separation of the trust deed and trust deed note that caused the

instruments at issue to become invalid or unenforceable. Finally, Plaintiffs allege that Defendants failed to comply with provisions of various state and federal statutes. (*Id.*)

### 1. Wells Fargo's argument regarding declaratory relief seeks to elevate form above substance.

Wells Fargo asserts that declaratory judgment is not the appropriate vehicle to obtain relief from a foreclosure, citing *Scarborough v. LaSalle Bank*. 2:10-CV-0624-CW, 2011 WL 1549432 (D. Utah Apr. 21, 2011). Yet the present case is distinguishable from *Scarborough*. First, Plaintiff in *Scarborough* was represented by counsel. Here, Plaintiffs proceed pro se and are entitled to liberal interpretation of their pleadings. *Hall*, 935 F.2d at 1110. Consistent with *Hall*'s mandate, the Court will not construe the relief sought by Plaintiffs narrowly to justify dismissal.  As Plaintiffs point out, formality must yield to practicality.

Additionally, while Wells Fargo asserts that a foreclosure has taken place, and requests that the Court take judicial notice of that fact; Wells Fargo did not submit any evidence of a foreclosure sale. Plaintiffs allege that they received a notice of default and election to sell, and a copy is attached to eTitle's motion to dismiss, but no trustee's deed or other evidence of a foreclosure sale has been submitted. (Compl. ¶ 35; Dkt. 8, Ex. B.) Wells Fargo's briefing referred to an Exhibit A, but no exhibit accompanied their papers. Thus, notwithstanding the asserted shortcomings of the relief sought in Plaintiffs' pro se brief, the Court will consider Plaintiffs' claims below.

### 2. Securitization does not void a trust deed or trust deed note.

Plaintiffs' central argument is that the trust deed or trust deed note associated with their home has been invalidated because the income stream from that note has been assigned to "REMIC World Savings Bank Series 29 (WSB 29)." (*E.g.* Compl. ¶ 23.) Plaintiffs suggest that this assignment not only failed to convey an interest in their home to WSB, but it also destroyed

Wells Fargo's beneficial interest in the trust deed. (*Id.* at 5–6.) In other words, Plaintiffs argue the trust deed was destroyed by its securitization.

As Wells Fargo correctly points out, the District of Utah has repeatedly rejected claims that securitization of a deed of trust renders the instrument void. *E.g.*, *Marty v. Mortgage Elec. Registration Sys.*, No. 1:10-CV-00033-CW, 2010 WL 4117196, at *4–6 (D. Utah Oct. 19, 2010) (rejecting the argument that Utah's Trust Deed Act invalidates a trust deed allegedly pooled and sold to investors); *Stradling v. Sun Am. Mortgage*, No. 2:09-CV-1026 TS, 2011 WL 1226102, at *3 (D. Utah Mar. 28, 2011) ("[Plaintiffs'] 'split the note' theory has been heavily litigated in this district and in multiple other districts and has been rejected repeatedly.") (quoting 2:10-CV-998-DS, Memorandum Decision (March 17, 2011)).

Plaintiffs have not presented a novel argument that calls for any different result in this case. Thus, Plaintiffs' split-the-note theory fails to state a claim upon which relief can be granted.

### 3. Plaintiffs do not state a cognizable claim under the statutes cited.

Plaintiffs cite to various federal and state statutes for the proposition that the trust deed at issue is void or that Wells Fargo somehow lost its beneficial interest in the trust deed. (Compl. ¶¶ 39, 56–67; Dkt 14.) The Court agrees with Wells Fargo that the provisions cited do not provide a basis for finding the trust deed "void" or for otherwise invalidating Wells Fargo's interest.

#### A. Utah Uniform Commercial Code

First, Plaintiffs cite to Utah's Uniform Commercial Code ("UCC") as a basis for invalidating Wells Fargo's interest in the trust deed. As Wells Fargo correctly asserts, the UCC does not apply to trust deeds in Utah. The UCC itself expressly states that it "does not apply to . . . the creation or transfer of an interest in or lien on real property . . . ." Utah Code Ann. § 70A-9a-109(4)(k); *Bevan v. Boyce*, 2006 WL 246565 (Utah App. 2006) (per cur.) ("[C]ontrary to the

arguments of [plaintiff], trust deeds are not regulated by the Uniform Commercial Code but instead are regulated by Utah Code sections 57-1-1 through 57-1-44."). Thus, Plaintiffs fail to state a claim for relief under the UCC.

### B. Title 15 of the United States Code

Next, Plaintiffs allege that 15 U.S.C. §§ 7001 and 7003 work together to invalidate an "electronic transfer" of the deed of trust at issue. (Compl. at 59.) The statutes cited provide that no record or signature can be denied legal effect simply because it is in electronic form. The statutes also provide a list of circumstances in which this presumption of validity does not apply.

Plaintiffs assume that if the presumption of validity does not apply, the document or signature becomes void. This is not so. Even if a document or signature is not entitled to the presumption of validity in Section 7001, it may remain valid. The statutes cited do not provide that an electronic signature deprived of the presumption of validity becomes void. Plaintiffs do not point to any other legal provision that invalidates an electronic document or signature. Plaintiffs do refer generally to the UCC, but as discussed above, Utah's Trust Deed Act applies to creation and transfer of trust deeds, not the UCC. Thus, Plaintiffs failed to state a viable claim under the cited provisions of Title 15.[3]

### C. Title 57 of the Utah Code

Additionally, Plaintiffs' allegations under Utah Code Ann. §§ 57-1-36, 57-3-103 fail to state a viable claim for relief. Plaintiffs allege that Defendants failed to properly record a certain transfer of the trust deed and that the trust deed is now void. (Compl. ¶¶ 65–66.)

---

[3] The Complaint alleges that Defendants violated 15 U.S.C. § 1641 by not recording certain documents. Plaintiffs' opposition only mentions this statue in passing. As Wells Fargo correctly notes, 15 U.S.C. § 1641 imposes no recording requirement. Thus, this claim likewise fails.

Again, the provisions cited do not set forth the requirements alleged. The first provision sets forth permissive language that allows recording of several items related to real estate transactions. Utah Code Ann. §§ 57-1-36 ("Any trust deed, substitution of trustee, assignment of a beneficial interest under a trust deed, notice of assignment of a beneficial interest, notice of default, [etc] . . . is entitled to be recorded.") The second provision establishes that an unrecorded document does not provide record notice to a subsequent purchaser. Utah Code Ann. §§ 57-3-103; *see Salt Lake Cnty. v. Metro W. Ready Mix, Inc.*, 89 P.3d 155, 158 (Utah 2004). The statute does not invalidate documents wholesale based on a failure to record. Thus, Plaintiffs have failed to state a viable claim under the cited provisions of Title 57 of the Utah Code.

    D.  18 U.S.C. § 1021

Finally, Plaintiffs assert that Defendants violated 18 U.S.C. § 1021. (Compl. ¶ 60.) The Court finds persuasive the arguments advanced by Wells Fargo and the *Murphy v. Bank of New York Mellon* case cited therein. No. 14-CV-02030-JST, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014) ("Section 1021 is a criminal statute that prohibits a United States officer from making false certifications with respect to the recording of conveyances of real property . . . [and] contains no private right of action.") Thus, Plaintiffs' claim under Section 1021 fails because the statute does not create a private right of action.

Based on the foregoing, this Court **RECOMMENDS GRANTING** Wells Fargo's Motion to Dismiss. (Dkt. 11.)

  c.  **Defendant eTitle's motion to dismiss**

On October 3, 2014, Defendant eTitle moved to dismiss Plaintiffs' Complaint. (Dkt. No. 8.) Like Wells Fargo, Defendant eTitle argues that Plaintiffs' claims should be denied because Plaintiffs cannot seek declaratory relief, and because eTitle "had authority to do what it did . . . ."

Plaintiffs did not respond to eTitle's motion to dismiss. Plaintiffs' Complaint alleges that eTitle lacked authority to send a notice of default to Plaintiffs. *See* Compl. ¶¶ 35–38, 49–50.[4]

The Court is unable to discern from eTitle's terse briefing[5] whether it had proper authority for its actions. Nonetheless, the Court finds that Plaintiffs have not pled facts sufficient to maintain their claim that the notice of default was defective. *See Reynolds v. Woodall*, 285 P.3d 7, 11 (Utah App. 2012.); *RM Lifestyles, LLC v. Ellison*, 263 P.3d 1152 (Utah App. 2011.).

Thus, the Court **RECOMMENDS GRANTING** eTitle's motion to dismiss. (Dkt. No. 8.)

### d. Amending the complaint

Because Plaintiffs proceed pro se, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint without prejudice. While many of Plaintiffs' claims are precluded as a matter of law, it is not clear from the parties briefing whether Plaintiffs' challenge to eTitle's authority is simply unartfully pled. "[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint . . . ." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the District Court adopts this Court's Report and Recommendation, Plaintiff may move to amended their complaint. *See* Fed. R. Civ. P. 15(a)(1). The Court will not act as advocate for Plaintiffs, but reminds them to "explain what each defendant did to [Plaintiffs]; when the defendant did it; how the defendant's action harmed [Plaintiffs]; and, what specific legal right the [P]laintiff[s] believe[] the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

---

[4] Plaintiffs also allege that the notice of default violates 18 U.S.C. § 1021. *Id.* ¶ 39. As discussed above, Plaintiffs failed to state a claim under 18 U.S.C. § 1021 because that statute does not provide a private right of action. *Supra* Part III.b.3.D.

[5] Defendant eTitle submitted two pages of argument addressing the propriety of its actions and spends nearly half of a page reciting a portion of the Utah Trust Deed Act. (Dkt. 8 at 5–7.)

## IV. RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**DENY** Plaintiffs' Motion to Remand to State Court.  (Dkt. No. 10.)

**GRANT** Defendant Wells Fargo's Motion to Dismiss.  (Dkt. No. 11.)

**GRANT** Defendant eTitle's Motion to Dismiss.  (Dkt. No. 8.)

If the District Court adopts this Court's Report and Recommendation, Plaintiffs may file a motion to amend their complaint no later than **fourteen (14) days** after being served with a copy of the District Court's decision adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 11th day of February, 2015.        By the Court:

_____
Dustin B. Pead
United States Magistrate Judge